# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LISA CARPENTER and TROY CARPENTER, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>MENARD, INC. and STEVE HOJNACKI, )<br>    Defendant. ) | CAUSE NO.:2:14-CV-113-WCL-JEM |

## OPINION AND ORDER
## AND FINDINGS, REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE PURSUANT TO
## 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court on a Motion to Remand [DE 8], filed by Plaintiffs on April 27, 2014, and Plaintiffs' Motion for Leave to File Second Amended Complaint [DE 26], filed by Plaintiffs on June 25, 2014. Plaintiffs request leave to amend their Complaint to add two defendants with two claims against each of them. Plaintiffs also ask that this case be remanded to state court due to a lack of diversity jurisdiction. All motions are now fully briefed and ripe for ruling.

On June 25, 2014, District Judge William C. Lee entered an Order [DE 25], referring the instant Motion to Remand to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C) on the Motion to Remand.

Plaintiffs' Motion for Leave to File Second Amended Complaint is not subject to the Order of Referral.

## PROCEDURAL BACKGROUND

On April 1, 2014, Plaintiffs filed their Complaint in state court in Porter County, Indiana, naming Menard, Inc. and Steve Doe as defendants. Plaintiff Lisa Carpenter alleged she slipped and fell in the Menard store in Portage, Indiana, on July 15, 2012, due to the negligence of both Menard and Steve Doe, an employee of Menard. The claims against Menard sounded in premise liability. Plaintiffs alleged Steve Doe "was reckless and/or negligent in one or more of the following aspects:" in operating the equipment that caused the fall, in failing to adequately warn Lisa Carpenter of dangerous conditions, in failing to properly inspect or maintain the equipment, in permitting improperly maintained or inspected equipment to be used, or in failing to use the same care a reasonably prudent person would have used in the same or similar circumstances. Compl. ¶7. Plaintiffs also alleged that both Plaintiffs are citizens of Indiana, that Steve Doe was a citizen of Indiana, and that Menard has its principal place of business and is incorporated in Wisconsin.

On April 9, 2014, Menard filed a Notice of Removal, removing the case to federal court based on diversity jurisdiction. It stated in the Notice that for the purposes of determining diversity jurisdiction, "the citizenship of Steve Doe is irrelevant" because "[p]ursuant to 28 U.S.C. §1441(b)(1), the citizenship of Defendants sued under fictitious names shall be disregarded." Notice ¶17. Because Menard, the only other defendant in the original Complaint, is a citizen of Wisconsin for diversity purposes, Menard stated that the necessary diversity existed for this Court to exercise jurisdiction.

On April 17, 2014, Plaintiffs filed an Amended Complaint in which they changed the name of Steve Doe to Steve Hojnacki, but otherwise made no changes. Plaintiffs did not ask leave of Court to file the Amended Complaint since no answer had been filed. *See* Fed. R. Civ. P.

15(a)(1)(B) ("A party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required [within] 21 days after service of a responsive pleading. . . .") The same day, Plaintiffs filed their Motion to Remand, asking the Court to remand the case to state court, arguing that because both Plaintiffs and Hojnacki are citizens of Indiana, diversity was destroyed. Plaintiffs served the Amended Complaint on Hojnacki.

On April 19, 2014, Menard filed a Motion to Strike, arguing that the Amended Complaint should be stricken because Plaintiffs should have been required to seek leave of Court to amend the Complaint so that the propriety of joining a non-diverse defendant could be addressed. It also filed a response to Plaintiffs' Motion to Remand, arguing that if the Amended Complaint were stricken so that Steve Hojnacki would no longer be a party, diversity would be restored. On June 4, 2014, Hojnacki filed his Motion to Strike, echoing Menard's arguments.

On June 25, 2014, Plaintiffs filed the instant Motion to Amend, seeking leave to file a Second Amended Complaint. They stated that counsel for Menard did not provide the names of the two parties they seek to add—the general manager on duty at the time of the alleged fall and the employee who operated the equipment they allege spread the liquid that caused the fall—until after June 25, 2014. In the proposed Second Amended Complaint, they allege that the general manager is a citizen of Michigan and the equipment operator is a citizen of Indiana. The proposed Second Amended Complaint adds identical negligence claims against each new party. Steve Hojnacki remained as a defendant in the proposed Second Amended Complaint. Because Plaintiffs stated that the statute of limitations would run on July 15, 2014, the Court ordered expedited briefing with no reply to be filed by Plaintiffs. Defendants filed a response on July 3, 2014.

**ANALYSIS**

If the Court grants the instant Motion to Amend and allows the joinder of an additional non-diverse defendant, Menard's arguments against remand as they relate to the first Amended Complaint will be mooted. Accordingly, the Court first addresses the Motion to Amend.

**A.     Motion to Amend**

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, "the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (citing *Foman*, 371 U.S. at 182; other citations omitted).

However, 28 U.S.C. § 1447(e) is also implicated when, as in this case, a proposed amendment would add a party that would destroy diversity and deprive the Court of jurisdiction. *See* 28 U.S.C. § 1447(e). Section 1447(e) provides the Court with the discretion to either: "(1) deny joinder, or (2) permit joinder and remand the action to state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (citing 28 U.S.C. § 1447(e)). In exercising its discretion, "the court should balance the equities to make the determination." *Schur*, 577 F.3d at 759 (citing *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999); *Perez v. Arcobaleno Pasta*

*Machs., Inc.*, 261 F. Supp. 2d 997, 1001 (N.D. Ill. 2003); *In re Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d 1202, 1204 (S.D. Ind. 2001)). The Seventh Circuit Court of Appeals has adopted the following factors to consider in balancing the equities: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Schur*, 577 F.3d at 759.

*1. Motive for Seeking Joinder*

Menard first argues that Plaintiffs seek to join non-diverse parties solely to destroy diversity. Plaintiff may generally choose their own forum, but they "may not join a nondiverse defendant simply to destroy diversity jurisdiction." *Schur*, 577 F.3d at 763 (citing *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)).

As evidence that a party is joined solely to destroy diversity, a defendant can "demonstrate that 'after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.'" *Schur*, 577 F.3d at 764 (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)) (emphasis in original). "In conducting this analysis, a district court must turn to state law to determine whether the plaintiff has any reasonable possibility of success." *Id*. The burden of demonstrating there is no "reasonable possibility" of prevailing against the non-diverse defendant is "heavy." *Id*.

Menard argues in it response to the Motion to Remand that Hojnacki should not be joined because Plaintiffs have no reasonable possibility of prevailing on a claim against him because he was not working at the time of the alleged fall, is not the general manager at the store, and did not

5

operate the equipment involved or have any responsibility for its maintenance. Resp. Mot. Remand at 2-3 [DE 15]. Menard cites no law in its argument. Plaintiffs responded that they had been informed by an employee of Menard that Hojnacki, a manager at Menard, had been placed on notice that there had been problems with the floor scrubbing equipment at issue for some time but continued to allow it to be used, supporting their allegations of his negligence. Resp. Mot. Strike at 2-3 [DE 22]. Resolving these issues of fact and law in favor of Plaintiffs for purposes of this inquiry, the Court cannot find that Menard has met its heavy burden of showing Plaintiffs have no reasonable chance of prevailing on its claims against Hojnacki. Menard does not make the argument in its response to the Motion to Amend that Plaintiffs have no reasonable chance of prevailing against the other non-diverse employee Plaintiffs seek to join.

Even if claims against a non-diverse defendant are viable, a court may still find they were added solely to defeat diversity. *Schur*, 577 F.3d at 763-64. Menard argues there is other evidence from which it can be inferred that the only purpose of the proposed amendments is to defeat federal jurisdiction. First, it argues that by including "Steve Doe" as a defendant in the original Complaint and alleging he was from Indiana before they knew his actual identity, Plaintiffs demonstrate they were motivated solely by a desire to prevent removal to federal court. There is nothing necessarily improper about a plaintiff wanting to litigate in state court and pleading the necessary allegations to stay there if the plaintiff has a reasonable belief that there is, or will likely be after reasonable opportunity for further discovery, evidentiary support for those allegations. *See* Fed. R. Civ. P. 11(b). Menard does not assert that Plaintiffs had no evidentiary support for their allegation that "Steve," a Menard manager, is a citizen of Indiana—a fact that turned out to be true. Accordingly, while it is certainly not unreasonable to infer from the pleadings that Plaintiffs included claims

6

against "Steve Doe" prematurely just to stay in state court, the inference is not so strong for the Court to find it weighs against permitting joinder.

Defendant also argues that Plaintiffs' filing of the first Amended Complaint and Motion to Remand immediately after removal further demonstrates Plaintiffs were motivated to join Hojnacki solely to defeat federal jurisdiction. Some courts have noted that adding non-diverse defendants immediately after removal may arouse suspicion when there has been no "additional discovery providing a legitimate reason for doing so." *Schur*, 577 F.3d at 767; *see also, e.g., Mayes*, 198 F.3d at 463; *WG Technologies, Inc. v. Thompson*, No. 1:13-CV-304, 2013 WL 1943310 (N.D. Ill. May 8, 2013). In this case, however, Plaintiffs state they did their own additional investigation to find out Hojnacki's identity and received discovery regarding the identities of the other two proposed defendants. Obtaining this additional information provides Plaintiffs with "legitimate reasons" for the amendments they seek. Additionally, Plaintiffs' claims against Hojnacki and the two proposed new defendants, whose identities they learned first on June 25, 2014, would be time-barred if not added before July 15, 2014, providing Plaintiffs another legitimate reason for the timing of the amendments. Accordingly, the Court does not find anything suspicious about the timing of the amendments or the Motion to Remand.

Menard also argues that the proposed Second Amended Complaint's inclusion of nearly identical, generic allegations that each individual defendant "was reckless and/or negligent in one or more of the [listed] aspects," despite knowing the actual roles of each individual, "demonstrates that the Plaintiffs' sole interest is in getting the name of non-diverse defendants in the caption without any true regard as to how those individuals were negligent." Resp. 4. At this stage in the litigation, however, it is not unreasonable for Plaintiffs to plead their claims broadly in expectation

7

that the claims will be more clearly defined through further discovery. *See Hickman v. Taylor*, 329 U.S. 495, 501 (1947) (noting that the rules of procedure "restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial"). Accordingly, the Court finds that this method of pleading does not so strongly imply an improper motive to weigh against permitting joinder.

   2. *Timeliness of the Motion to Amend*

The rule that "an extensive delay between removal and a motion to amend typically weighs against permitting joinder" does not apply in this case as Plaintiffs' first Amended Complaint, Motion to Remand, and the instant Motion to Amend were all filed shortly after removal. *Schur*, 577 F.3d at 767. The converse—that immediately moving to amend without the benefit of additional discovery may weigh against permitting joinder—was addressed above.

   3. *Injury to Plaintiffs if Joinder Denied*

Menard argues that Plaintiff will not be injured if joinder is denied because Menard "is a large company with a long established presence in the state of Indiana with more than adequate resources to satisfy any settlement or judgment;" that the addition of the two new defendants "does not increase the Plaintiffs' potential recovery, does not increase the Plaintiffs' likelihood of recovery, and is not required under Indiana law;" and that "the absence of such parties does not preclude or enhance any claim or defense of either party." Resp. 4-5. Plaintiffs argued in their response to the Motion to Strike, however, that "the practical effect of having numerous defendants against whom fault may be attributed [by a jury is to] reduce[] the risk to the plaintiffs of being found at least 51% at fault and recovering nothing." Resp. Mot. Strike at 3 [DE 22].

The Court agrees with Plaintiffs that denying them the potential tactical benefit of adding defendants to prevent being barred from recovery by Indiana's contributory negligence statutes is significant enough of an injury to weigh toward permitting joinder, even if the balance is tipped only slightly because any settlement or damages may ultimately only be paid by Menard.

4. *Additional Equitable Considerations*

Finally, Menard asks the Court to consider the burden that being named in a lawsuit will put on the proposed additional defendants. It argues that their addition "serves only to harass, annoy, or oppress them when they will never be obligated to pay any amount of any judgment or settlement, not to mention the unnecessary personal angst of being named a defendant in a civil matter where the presumption of all outside observers would be that their own personal assets are at risk, thereby potentially affecting their creditworthiness, where no such real risk exists." Resp. 5. This argument would require the Court to make assumptions about the merits of Plaintiffs claims against the proposed new defendants. The Court is unwilling to do so at this early stage. *Cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Accordingly, this factor does not weigh in favor of denying joinder.

The Court also is mindful that Menard has an interest in avoiding a potentially biased local forum in an Indiana state court, the very purpose of diversity jurisdiction, but Menard provides no argument for why its interest should outweigh Plaintiffs interest in its choice of forum.

Because all of the factors discussed above weigh in favor of permitting joinder, the Court finds that the equities balance in favor of permitting Plaintiffs' proposed amendments. Because Menard argued no other reasons to deny Plaintiffs' Motion to Amend, the Motion will be granted.

9

**B.     Motion to Remand**

In their Motion to Remand, Plaintiffs request that the case be remanded to Porter County Superior Court in Valparaiso, Indiana, either on the grounds that diversity of citizenship never existed because "Steve Doe" was from Indiana or, alternatively, that diversity was destroyed by the addition of Steve Hojnacki in the first Amended Complaint. Because the Court has determined that it will permit the joinder of Hojnacki and one additional non-diverse defendant by granting Plaintiffs' Motion to Amend, the Court no longer has jurisdiction over the case. *See* 28 U.S.C. § 1332(a)(1) (providing that federal jurisdiction based on diversity of citizenship requires that all plaintiffs are citizens of different states from all defendants). Accordingly, the Court must grant the instant Motion to Remand. *See* 28 U.S.C. § 1447(c), (e).

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Plaintiffs' Motion for Leave to File Second Amended Complaint [DE 26] and **ORDERS** the Clerk of the Court to **FILE** as the Second Amended Complaint the document currently attached as Exhibit C to Plaintiffs' Motion for Leave to file Second Amended Complaint, at [DE 26-3].

The Court further **DENIES as moot** Menard's Motion to Strike [DE 13] and Hojnacki's Motion to Strike [DE 20].

The Court further **RECOMMENDS that the District Court GRANT** the Motion to Remand [DE 8] and **ORDER** that the case be **REMANDED** to the Porter County Superior Court in Valparaiso, Indiana, under cause number 64D01-1404-CT-2775. This Report and Recommendation regarding Plaintiffs' Motion to Remand only is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after

being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 10th day of July, 2014.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record