UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

LISA CARPENTER and TROY CARPENTER, )
)
    Plaintiffs, )
)
v. ) Cause No.: 2:14-CV-113
)
MENARD, INC., and STEVE HOJNACKI, )
)
    Defendants. )

## OPINION AND ORDER

This matter is before the court for ruling on "Objections to Recommendations of United States Magistrate Judge" filed by Menard, Inc., and Steve Hojnacki on July 28, 2014. (DE 36.) Plaintiffs Lisa Carpenter and Troy Carpenter declined to file a response, and so the issues presented are ripe for resolution. For the reasons discussed below, the court DENIES all of the Defendants' objections; ADOPTS the recommendations of the United States Magistrate Judge; and GRANTS the Plaintiffs' Motion to Remand this case to the Superior Court of Porter County, Indiana, under cause number 64D01-1404-CT-2775.

## PROCEDURAL BACKGROUND

The Plaintiffs filed a complaint against Menard, Inc. and "Steve Doe" in the Superior Court of Porter County on April 1, 2014. In their Complaint, Plaintiff Lisa Carpenter claimed she suffered personal injuries as a result of an alleged slip and fall accident while shopping in a Menard store, and Plaintiff Troy Carpenter, Lisa's husband, alleged that he incurred damages for "loss of services, consortium and society . . ." as well as other consequential damages. Original Complaint, p. 6. Menard removed the

case to this court under 28 U.S.C. § 1441, *et seq.*, on April 9, 2014, on the basis that the Plaintiffs are both residents of Indiana, Menard is a citizen of Wisconsin for diversity purposes, and the citizenship of "Steve Doe" was not relevant since defendants sued under fictitious names are disregarded for purposes of determining diversity. (DE 1.) The Plaintiffs filed their First Amended Complaint in this court on April 27, 2014, in which they named Steve Hojnacki as a defendant in place of the fictitious "Steve Doe." (DE 7.) That was the only change made in the amended complaint. Hojnacki is alleged to be an Indiana resident, thereby destroying diversity jurisdiction.

Also on April 27, 2014, the Plaintiffs filed a motion to remand this case to Porter County. (DE 8.) On June 25, 2014, the Plaintiffs filed a motion for leave to file a second amended complaint. The second amended complaint seeks to add two new parties to the case, the general manager on duty at the time of the alleged fall and the employee who operated the equipment which allegedly spread the liquid causing the fall. The general manager is alleged to be a citizen of Michigan and the equipment operator is alleged to be a citizen of Indiana. (DE 26.) On that same day, this court entered an order referring the motion to remand to U.S. Magistrate Judge John E. Martin for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (DE 25.) Magistrate Judge Martin entered his Opinion and Order and Findings, Report and Recommendation" on July 10, 2014. (DE 31.) The Defendants raise several objections to the Magistrate Judge's Report and Recommendation, as discussed below.

**STANDARD OF REVIEW**

  The crux of the Defendants' objections to the Report and Recommendation is that the Plaintiffs are unfairly attempting to amend their complaint to destroy diversity jurisdiction so they can litigate this case in state court. The Magistrate Judge correctly noted that while "[p]laintiff[s] may generally choose their own forum, . . . they 'may not join a nondiverse defendant simply to destroy diversity jurisdiction.'" Report and Recommendation, p. 5 (quoting *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009)). Even with a viable claim, a court can still rule that a defendant was added solely to destroy diversity. *Id.* Magistrate Judge Martin also noted, however, that "[t]he burden of demonstrating there is no 'reasonable possibility' of prevailing against the non-diverse defendant is 'heavy.'" *Id.* (quoting *Schur*, 577 F.3d at 764). "When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *Id.* at 759. In *Schur*, the Seventh Circuit explained that a district court should consider the following factors when considering a plaintiff's request for joinder: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.*

**DISCUSSION**

**A. Motive for joinder.**

The Defendants object to the Magistrate Judge's finding regarding the Plaintiffs' motive for seeking to join Hojnacki as a defendant. Defendants' Objections, p. 2. They contend that the Plaintiffs named Hojnacki for the sole purpose of destroying diversity jurisdiction and forcing this case back to state court. In support of this objection, the Defendants argue that the Plaintiffs have no reasonable chance of prevailing on a claim against Hojnacki, since he was not on duty at the time of Plaintiff Lisa Carpenter's slip and fall.[1] *Id*. This argument was developed in the Defendants' motion to strike the Plaintiffs' first amended complaint and the accompanying sworn statement from a Menard manager stating that Hojnacki played no supervisory role with regard to the events surrounding Ms. Carpenter's incident. (DE 13 and 14.)

In support of their argument that Hojnacki was added for the sole purpose of destroying diversity jurisdiction, the Defendants point to the fact that "Steve Doe" was named in the original Complaint, and alleged to be a citizen of Indiana, even before the Plaintiffs ascertained the actual identity and residency of Hojnacki. Defendants' Objections, p. 2. However, as the Magistrate Judge stated, "[t]here is nothing necessarily improper about a plaintiff wanting to litigate in state court and pleading the necessary allegations to stay there if the plaintiff has a reasonable belief that there is, or will likely be after reasonable opportunity for further discovery, evidentiary support for those

---

[1] The underlying facts of the incident giving rise to Plaintiffs' claims are set out in the Second Amended Complaint (DE 32) and other previous pleadings filed by both sides, and so the court will dispense with another recitation of those facts.

allegations." Report and Recommendation, p. 6 (citing Fed.R.Civ.P. 11(b)). The Magistrate Judge also noted that "Menard does not assert that Plaintiffs had no evidentiary support for their allegation that 'Steve,' a Menard manager, is a citizen of Indiana—a fact that turned out to be true. Accordingly, while it is certainly not unreasonable to infer from the pleadings that the Plaintiffs included claims against 'Steve Doe' prematurely just to stay in state court, the inference is not so strong for the Court to find it weighs against permitting joinder." *Id*., pp. 6-7.

The Magistrate Judge also noted that "[i]n this case . . . Plaintiffs state that they did their own additional investigation to find out Hojnacki's identity and received discovery regarding the identities of the other two proposed defendants. Obtaining this additional information provides the Plaintiffs with legitimate reasons for the amendments they seek." *Id*., p. 7. Additionally, "Menard does not make the argument in its response to the motion to amend that the Plaintiffs have no reasonable chance of prevailing against the other non-diverse employee(s) the Plaintiffs seek to join." *Id*., p. 6.

The Magistrate Judge concluded that the Defendants failed to prove that the Plaintiffs had no plausible chance to succeed in their suit against Hojnacki, and so the Plaintiffs are assumed to have a viable claim against this non-diverse defendant. This court agrees with the findings and conclusions of the Magistrate Judge on the issue of the joinder of Hojnacki.

The Defendants also argue that the Plaintiffs made identical, generic allegations of negligence against all the non-diverse defendants, which the Defendants contend

5

"demonstrates that the Plaintiffs' sole interest is in getting the name of non-diverse defendants in the caption without any true regard as to how those individuals were negligent." Defendants' Response to Motion to Remand, p. 4. Magistrate Judge Martin concluded that "[a]t this stage in the litigation, however, it is not unreasonable for Plaintiffs to plead their claims broadly in expectation that the claims will be more clearly defined through further discovery." Report and Recommendation, pp. 7-8. The Magistrate concluded that "this method of pleading does not so strongly imply an improper motive to weigh against permitting joinder." *Id*., p. 8. Once again, this court agrees with the reasoning and conclusion of the Magistrate Judge.

**B. Timeliness of amendments.**

The Defendants object to the Magistrate Judge's finding that the timing of the Plaintiffs' amendments and motion to remand are not suspicious. The Defendants argue that the Plaintiffs' filing of the first amended complaint and motion to remand immediately after removal to federal court further demonstrates that the Plaintiffs were motivated to join Hojnacki solely to defeat federal jurisdiction. The Defendants claim that the timing of Plaintiffs' filings raise the specter of improper motive in amending Defendant "Steve Doe" to "Steve Hojnacki" on the first Amended Complaint. The Defendants argue that "[t]he Motion to Remand was filed on the heels of the First Amended Complaint, suggesting an improper motive in naming Mr. Hojnacki as a Defendant." Defendants' Objections, pp. 2-3.

Magistrate Judge Martin noted that while the timing may, at first glance, appear suspicious, he determined that legitimate reasons existed to justify the Plaintiffs' actions. "Plaintiffs state they did their own additional investigation to find out Hojnacki's identity and received discovery regarding the identities of the other two proposed defendants. Obtaining this additional information provides Plaintiffs with "legitimate reasons" for the amendments they seek." Magistrate Judge Martin also recognized the time constraints the Plaintiffs were under when they filed their amended complaint. The Plaintiffs would have been time-barred to amend their Complaint after July 15, 2014, as the statute of limitations would expire on that date. Report and Recommendation, p. 7. The Magistrate Judge wrote that this fact provides the "Plaintiffs with another legitimate reason for the timing of the amendments. Accordingly, this Court does not find anything suspicious about the timing of the amendments or the Motion to Remand." *Id*.

This court agrees with the Magistrate Judge that the Plaintiffs had legitimate reasons for the timing of the filing of their amendments and motion to remand.

**C. Possible injury to Plaintiffs.**

The Defendants object to Magistrate Judge Martin's finding that the Plaintiffs could be injured (i.e., unfairly prejudiced) if joinder is denied. The Defendants argue that Menard "is a large company with a long established presence in the state of Indiana with more than adequate resources to satisfy any settlement or judgment"; that the addition of the two new defendants "does not increase the Plaintiffs' potential recovery, does not increase the Plaintiffs' likelihood of recovery, and is not required under Indiana law";

and that "the absence of such parties does not preclude or enhance any claim or defense of either party." Defendants' Response, pp. 4-5. The Defendants state that, assuming Plaintiffs were able to win a judgment, Menard will be paying the entirety of the judgment, and therefore, the Plaintiff's attempts to add additional non-diverse defendants is nothing more than a ploy to destroy diversity and move the case back to state court. As the Defendants put it, "[t]he Plaintiffs' addition of the non-diverse Defendants will not afford them any additional relief as any judgment will be satisfied by Menard." Defendants' Objections, p. 3.

The Plaintiffs argue that "the practical effect of having numerous defendants against whom fault may be attributed [by a jury is to] reduce[] the risk to the plaintiffs of being found at least 51% at fault and recovering nothing." Plaintiffs' Response to Motion to Strike (DE 17), p. 3.

The Magistrate Judge concluded that the potential injury to the Plaintiffs is great enough to favor permitting joinder, even if Menards will ultimately pay the bill. "[D]enying [the Plaintiffs] the potential tactical benefit of adding defendants to prevent being barred from recovery by Indiana's contributory negligence statutes is significant enough of an injury to weigh toward permitting joinder, even if the balance is tipped only slightly because any settlement or damages may ultimately only be paid by Menard." Report and Recommendation, p. 9. This court agrees with the Magistrate's conclusion on this issue.

### D. Equitable considerations.

The Defendants maintain that if the Plaintiffs are permitted to add the non-diverse defendants, those "individual defendants will be forced to defend against this lawsuit and undergo all of the litigation stress that attaches thereto, all without any gain to the Plaintiffs." Defendants' Objections, p. 3. The Defendants also argue that they "have a strong interest in litigating in a federal forum[.]" although they do not elaborate. *Id*., p. 2.

The Magistrate Judge declined to accept these equitable considerations as persuasive. "This argument would require the Court to make assumptions about the merits of Plaintiffs claims against the proposed new defendants. The Court is unwilling to do so at this early stage." Report and Recommendation, p.9 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Finally, the Magistrate Judge wrote that while he was "mindful that Menard has an interest in avoiding a potentially biased local forum in an Indiana state court, the very purpose of diversity jurisdiction, . . . Menard provides no argument for why its interest should outweigh Plaintiffs' interest in [their] choice of forum." *Id.* This court agrees with the Magistrate Judge's reasoning and conclusion that the equities involved favor the Plaintiffs.

## CONCLUSION

For the reasons set forth above, the court DENIES all of the Defendants' objections to the Report and Recommendation; ADOPTS the recommendations of the United States Magistrate Judge; and GRANTS the Plaintiffs' Motion to Remand (DE 8.) The Clerk of this Court is instructed to facilitate the remand of this case to the Superior Court of Porter County, Indiana, under cause number 64D01-1404-CT-2775.

Entered: October 28, 2014

s/ William C. Lee
William C. Lee, Judge
 United States District Court